**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| **VS.** | **Case No.:3:16-cv-27-TSL-RHW** |
| **REAL PROPERTY LOCATED AT 19 CRANE PARK, HATTIESBURG, LAMAR COUNTY, MISSISSIPPI WITH ALL APPURTENANCES, IMPROVEMENTS AND FIXTURES THEREON, ET AL** | **DEFENDANT PROPERTY** |

**MEMORANDUM IN SUPPORT OF MOTION TO UNSEAL**

**COME NOW**, Defendants/Claimants Wade A. Walters, Dorothy H. Walters, Trace M. Walters, Hope Haws, Allison Frame, DWWW, LLC, TW QP, LLC, Walters Holding, LLC, and Wade Walters Consulting, Inc. (hereinafter collectively the "Walters Claimants") and for their Memorandum in Support of Motion to Unseal and state:

**I. INTRODUCTION**

This case arises from an unreasonable and unconstitutional seizure ("money grab") of millions of dollars of movants' property, including ERISA accounts, by the government two and one-half years ago. After full briefing of motions to dismiss, release funds and lift stay, the Government violated with impunity every applicable procedural rule, and sealed its response illegally *ex parte* to further delay and deny justice. This misconduct has generated even more frustration for the Walters Claimants and has undermined confidence in the judicial system.

## II. PROCEDURAL HISTORY AND POSTURE

The chronology for this two and one-half year seizure and forfeiture action includes, on that long and winding road, the following relevant activity:

| DATE FILED | DOC # | DOCKET TEXT |
|---|---|---|
| 1/20/2016 | 1 | COMPLAINT against Real Property Located at 19 Crane Park, Hattiesburg, Lamar County, Mississippi, filed by United States of America. (Attachments:# 1 Exhibit A -Declaration in Support of Complaint for Forfeiture In Rem) |
| 1/20/2016 | 2 | MOTION to Seal Case by United States of America |
| 6/20/2016 | 86, 87, 88, 89 | ANSWER to Complaint/or Forfeiture In Rem, COUNTERCLAIM against United States of America by Wade A. Walters, Dorothy Walters, Haws |
| 6/20/2016 | 90, 91 | ANSWER to Complaint/or Forfeiture In Rem, COUNTERCLAIM against United States of America by Walters Holding, LLC, Wade Walters Consulting, Inc. |
| 6/20/2016 | 93, 94 | ANSWER to Complaint/or Forfeiture In Rem, COUNTERCLAIM against United States of America by TWQP LLC, DWWW, LLC |
| 9/1/2016 | 146 | MOTION to Stay Proceedings by United States of America |
| 10/12/2016 | 162 | ORDER granting 146 Motion to Stay Proceedings |
| 2/17/2017 | 186 | ORDER granting USA Leave to serve the unredacted First Amended Complaint and Attachment A on all claimants |
| 1/25/2018 | 225, 226 | MOTION for Release of Funds by DWWW, LLC, Hope Haws, TW QP LLC, Wade Walters Consulting, Inc., Walters Holding, LLC, Dorothy H. Walters, Trace M. Walters, Wade A. Walters and MEMORANDUM in Support |
| 2/8/2018 | 228, 229 | MOTION to Dismiss Amended Complaint, MOTION for Release of Funds, MOTION Lift stay by Hope E Thomley and Memorandum in Support |
| 2/8/2018 | 230 | Memorandum in Opposition to Walters' 225 Motion for Release of Funds |
| 2/22/2018 | 235 | MEMORANDUM in Opposition re 228 MOTION to Dismiss Amended Complaint MOTION for Release of Funds MOTION Lift stay filed by United States of America |
| 2/22/2018 | 236 | REPLY to Response to Motion re 225 MOTION for Release of Funds, 228 MOTION to Dismiss Amended Complaint MOTION for Release of Funds MOTION Lift stay filed by DWWW, LLC, Hope Haws, TW QP LLC, Wade Walters Consulting, Inc., Walters Holding, LLC, Dorothy H. Walters, Trace M. Walters, Wade A. Walters |
| 3/1/2018 | 238 | REPLY to Response to Motion re 228 MOTION to Dismiss Amended Complaint MOTION for Release of Funds MOTION Lift stay filed by Hope E Thomley |

| DATE FILED | DOC # | DOCKET TEXT |
|---|---|---|
| 3/13/2018 | 240, 241 | MOTION to Lift Stay of Proceedings re 162 Order on Motion to Stay Proceedings, MOTION for Release of Funds by Glen Doyle Beach and Memorandum in Support |
| 3/27/2018 | 242 | MEMORANDUM in Opposition re 240 Beach's Motion to Lift Stay of Proceedings re 162 Order on Motion to Stay Proceedings MOTION for Release of Funds filed by United States of America |
| 4/3/2018 | 243 | Rebuttal re 241 Memorandum in Support of Motion, 240 Motion to Lift Stay of Proceedings re 162 Order on Motion to Stay Proceedings MOTION for Release of Funds filed by Glen Doyle Beach |
| 5/24/2018 | 245 | ORDER: Within 7 days of this order, the USA shall provide to the court a detailed explanation of the current status of its investigation, and shall also explain, in detail, how lifting the stay at this point would adversely affect the government's ability to conduct and complete its investigation. |
| 5/31/2018 | 246 | EX PARTE SEALED MOTION by United States of America |
| 5/31/2018 | 247 | ORDER granting EX PARTE SEALED MOTION by United States of America |
| 5/31/2018 | 248 | SEALED MOTION by United States of America |
| 5/31/2018 | 249 | ORDER granting SEALED MOTION by United States of America |
| 6/4/2018 | 250 | EX PARTE SEALED MOTION by United States of America |
| 6/4/2018 | 251 | ORDER granting EX PARTE SEALED MOTION by United States of America |
| 6/4/2018 | 252 | Sealed Document: United States of America's Status Report re 245 Order (Attachments: # I Exhibit A |

This Court's Order dated May 24, 2018, [Doc. 245] acknowledged the pendency of the following: (a) Walters' Motions to Lift Stay, Release Funds and for other relief [Docs. 225, 226]; (b) Thomley's Motion to Lift Stay, Dismiss Amended Complaint and for Release of Funds [Docs. 228, 229]; and (c) Beach's Motion to Lift Stay and Release ERISA funds [Docs. 240, 241]. That order noted that "the stay has been in place now for twenty-one months" and this court found "In view of the seizure of their property during this time, movants' frustration is understandable." [Emphasis added.] As explained below, the government's *ex parte* response to that order violates all applicable procedural rules and is contrary to the applicable opinions of the federal courts in Mississippi.

## III. ARGUMENT

**A.  THE *EX PARTE* FILING UNDER SEAL OF THE GOVERNMENT'S RESPONSES VIOLATE THE APPLICABLE RULES OF PROCEDURE**

Initially, the applicability of numerous rules must be traced.

First, the Supplemental Admiralty and Maritime Claims Rule G, 28 U.S.C.A., Rule G. Forfeiture Actions in Rem provides that "To the extent that this rule does not address an issue, the Federal Rules of Civil Procedure also apply."

Second, the Federal Rules of Civil Procedure provide:

(a) FRCP Rule 5 requires that service is required on every party of all orders stating that service is required, pleadings filed after the original complaint, and written motions.

(b) FRCP Rule 5.2(d) provides that the court may order that a filing be made under seal without redaction.

Third, the Local Uniform Civil Rules of the United States Courts for the Northen District and Southern District of Mississippi supplement the FRCP and provide:

(a)  L.U. CIV. R. Rule 5.2 provides

> Counsel and parties must consider that the *E-Government Act of 2002* (as amended) and the policies of the Judicial Conference of the United States require federal courts make *all* pleadings, orders, judgments, and other filed documents available in electronic formats accessible over the Internet.

(b)  L.U. Civ. R. Rule 79 states:

> (a) **Court Records Presumptively in Public Domain**. Except as otherwise provided by statute, rule, including FED. R. CIV. P. 5.2, or order, **all** pleadings and other materials filed with the court ("court records") become a part of the public record of the court. [Emphasis added.]
>
> (b) **Documents Filed With the Court.** Every document used by parties moving for or opposing an adjudication by the court, other

than trial or hearing exhibits, must be filed with the court. No
document may be filed under seal, except upon entry of an order of
the court either acting *sua sponte* or specifically granting a request
to seal that document.  Any order sealing a document must include
particularized findings demonstrating that sealing is supported by
clear and compelling reasons and is narrowly tailored to serve
those reasons.

(e) **Procedure for Filing Documents Under Seal or Sealing a Case**

(2) Any document filed with the intention of being sealed must be accompanied
by a motion to seal.

(3) Any motion to seal must be accompanied by a non-confidential supporting
memorandum, a notice that identifies the motion as a sealing motion, and a
proposed order. A party may also submit a confidential memorandum for in
camera review. The non-confidential memorandum and the proposed order must
include:

(A) A non-confidential description of what is to be sealed.

(C) A statement of why sealing is necessary, why the specific character of
sealing set forth in subparts (1)-(3) above is most appropriate, and why
another procedure will not suffice;

(D) References to governing case law; and

(E) A statement of the period of time the party seeks to have the matter
maintained under seal and how the matter is to be handled upon unsealing.

(F) The proposed order must recite the findings required by governing
case law to support the proposed sealing.

As demonstrated by the docket and record in this case, the Government violated each of these rules with impunity. As to the Government's *Ex Parte* Sealed Motion [Doc. 246], Sealed Motion [Doc. 248], and *Ex Parte* Sealed Motion [Doc.250], there is no public motion to seal and no attempt to comply with the rules.  Instead, there is merely *de facto ex parte* docket entries showing sealed motion and *ex parte* sealed motions.  Furthermore, the Government failed to file any <u>non-confidential</u> memorandum required by Local Rule 79 (e)(3).  Finally, there is no

evidence that the motions were accompanied by any proposed orders reciting the findings required by governing case law to support sealing. *See* L.U.Civ.R.79(e)(3)(F).

        **B. THE GOVERNMENT'S MISCONDUCT IS CONTRARY TO THE APPLICABLE OPINIONS OF THE FEDERAL COURTS IN MISSISSIPPI AND THE FIFTH CIRCUIT AND UNDERMINES TRUSTWORTHINESS OF THE JUDICIAL PROCESS AND CONFIDENCE IN THE INTEGRITY OF THE COURT.**

A court must use caution in exercising its discretion to place records under seal. *See Fed. Sav. & Loan \*690 Ins. Corp. V. Blain,* 808 F.2d 395, 399 (5th Cir. 1987) ("The district court's discretion to seal the record of judicial proceedings is to be exercised charily..." (Citing *Publicker Indus., Inc. V. Cohen*, 733 F.2d 1059 (3d Cir. 1984))). The Court's decision must be made in light of the "strong presumption that all trial proceedings should be subject to scrutiny by the public." *United States v. Ladd*, 218 F.3d 701, 704 (7th Cir.2000).

The rules against sealing court records and the principle of public access to judicial records promotes both the interests of the public and the integrity of the judicial system. *See Van Waeyenberghe*, 990 F.1d at 849-50. The right to public access "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *Littlejohn v. BIC /Corp.,* 851 F.2d 673, 682 (3d Cir. 1988). "Public confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 200, 230 (5th Cir.2008) (quoting *United States v. Cianfrani*, 573 F.2d 835, 851 (3d Cir. 1978)) (alteration omitted). These rules against sealing court records, which were uniformly violated by the Government, have been explained in several recent Mississippi federal

court opinions, which are analyzed and summarized herein.

First, in *U. S. Ex rel. Reeves v. Bechtel Nat. Co., Inc.*, 2014 WL 4962006 (S.D. Miss. 2014) the case involved a *qui tam* action. In *Reeves*, the Relator emailed the Court and stated that she was filing the Second Amended Complaint and exhibits under seal, but no motion to seal accompanied it. *Id. at *1*  Instead, the Second Amended Complaint was merely stamped by Relator as "Filed Under Seal." *Id.*  The Court noted that court records are presumptively public, and no document may be sealed except by Court order. L,U.Civ.R. 79. The *Reeves* court denied the motion to seal and held:

> As an initial matter, Relator's Motion [22] to Seal should be denied because Relator did not file her motion to seal in accordance with the requirements of Local Uniform Civil Rule 79, which governs the sealing of court records. Rule 79 requires that a motion to seal contain "references to governing case law" and be accompanied by a proposed order that "recites the findings by governing case law to support the proposed sealing." L.U.Civ.R. 79(e)(4)(c)and (E). Relator's Motion references no authority addressing the issue here, which is whether *qui tam* complaints amended after the Government has declined intervention should be sealed.  Relator furthermore has not provided a proposed order that "recites the finding required by governing case law to support the proposed sealing." L.U.Civ.R. 79(e)(4)(E).

*Id. at *1*

The *Reeves* Court further held that Relator's Motion to Seal should be denied because the relief requested would not "secure the just, speedy, and inexpensive determination" of this action, *Id. at *2* (citing) Fed.R.Civ.P. 1.  The *Reeves* Court found that the case had been pending for one year and four months, and that the Court's interest in achieving the orderly and expeditious disposition of its cases weighed against sealing and further delayed the resolution of this case. *Id. at *2* (citing  *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir.1988)).  Likewise, in the case at bar, no proper motion, no non-confidential memorandum was filed, and no proposed

order was served. Further, in Walters case, which has been delayed by the Government for two and one-half years (twice as long as the delay in *Reeves)* the government's misconduct is contrary to the *Reeves* Court's goals to secure the just, speedy, and inexpensive determination, and to achieve the orderly and expeditious disposition of its cases. This delay is espeially unconscionable because Walters is attempting to sell a parcel of real estate, Asset forfeiture #C-023, which is titled and held in the name of an ERISA plan. This asset, though protected from seizure by the ERISA anti-alienation provision (29 USC § 1056 (d)(1)) has been held by the government and blocked from sale due to lis pendens wrongfully filed by the Government. Truly, this is a case of "Justice delayed is justice denied." The Walters claimants are entitled to an expedited hearing and/or ruling on their motion.

In *Equal Employment Opportunity Commission v. Faurecia Automotive*, 2017 WL 564051 (N.D. Miss. 2017) the court specifically held that Rule 79 of the Uniform Local Rules provides that no document may be filed under seal without a court order. *Id. at *1 (*citing L.U. Civ. R. 79(b)). The court found in violation of Local Rule 79, Faurecia did not submit its motion with a non–confidential supporting memorandum or a proposed order. *Id.* Further, the *Faurecia* Court held that in considering whether to grant a motion to seal, there is a "presumption in favor of the public's access to judicial records." *Id.* The court must "balance the public's common–law right of access against the interests favoring nondisclosure." *Id.* (citing *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848–49 (5th Cir. 1993). *Equal Employment Opportunity Commission v. Faurecia Automotive Seating, LLC,* 2017 WL 564051*, at *1 (N.D.Miss., 2017)).* Likewise in the case at bar, the same misconduct by the Government requires unsealing of the improperly sealed records.

Third, in *BG v. Banks,* 2016 WL 7480402 (N.D. Miss. 2016) the court held that the

substantive requirement that "no document may be filed under seal without a court order" and the procedural requirements of Rule 79 for motions to file under seal were violated. *Id.* The court further held there is a "presumption in favor of the public's access to judicial records,"... ("The better rule is that material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right...."). *Id.* at *1

Most recently in *BG, III v. Banks*, 2017 WL 318836 (N.D. Miss. 2017), the court found that the defendants filed a motion seeking leave to file summary judgment exhibits under seal for review only by the Court and counsel. *Id. at *1* In denying that request the *Banks* Court held:

> Where, as here, the documents sought to be sealed are exhibits to a dispositive motion, the weight afforded to the public's common law right of access is necessarily greater. *United States v. Amodeo,* 71 F.3d 1044, 1049 (2d Cir. 1995) ("[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 & n.11 (11th Cir. 2001) (collecting circuit cases) *Id.* at *1. "The public's interest in access to court records 'is particularly legitimate and important where, as in this case, at least one of the parties to the action is a public entity or official,' " *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514, 517 (E.D. La. 2005) *Id.* at *2

Likewise, in the case at bar, the presumption of access in favor of full disclosure in this regard is important and legitimate and overrides secrecy because the plaintiff here is the Government.

Finally in *McBrien v. ABC Supply Co.*, Inc., 2009 WL 10669919, at *1 (W.D.Tex., 2009) the Plaintiff" filed an *ex parte* motion to appoint counsel, an *ex parte* motion for extension of time to file a response/reply to Defendants' motion to dismiss, and an *ex parte* motion to appoint counsel and for a permanent injunction. *Id.* In denying Plaintiffs *ex parte* motions, the court held:

> Plaintiff is advised that she cannot file the above pleadings "ex parte" in this

Court; instead she must provide certificates of service to all parties. Plaintiff is directed to Federal Rule of Civil Procedure 5, concerning the requirements for serving and filing pleading and other papers. Rule 5 provides that all written motions must be served on every party that has appeared in a proceeding, unless the motion is of the specific type that may be heard ex parte. Fed. R. Civ. Proc. 5(a)(1)(D). Furthermore, all motions that must be served on the other parties must contain a certificate or proof of service filed with the clerk within a reasonable time after service. *Id.* 5(d); and see Local Rule CV–5(b).1

*Id. at *1*

Likewise, the Government in the case at bar violated these rules and the documents should be unsealed.

Because the government violated the rules and secretly introduced evidence and arguments two and one-half years after its "money grab," the government has violated claimant's constitutional property rights to be secure against unreasonable seizures under the Fourth Amendment and to be secure against derivation of property under the Fifth Amendments of our Constitution. Permitting *ex parte* communication with the court and secret sealed filing of documents means that the "zone of silence grows large" as does the shroud of secrecy. This conduct is fundamentally incompatible with the ultimate ascertainment of the truth and fundamental fairness which are essential to the fair disposition of a lawsuit and to confidence in and for integrity of the court. *See also In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 200, 230 (5th Cir.2008)

### IV. CONCLUSION

Because the government failed to abide by the Uniform Local Rules, Walters respectfully requests that the court unseal the Government's sealed motions [Docs. 246, 248, 250] and unseal each order granting the Government's motions [Docs. 247, 249, 251]. This request is urgent because Walters is attempting to sell one parcel of real estate (C-023) which is one of Walters'

ERISA assets. After two and one-half years of frustration, seizure and deprivation of property without due process, Walters should be granted a transparent and fair ruling on his motions and return of his assets.

This the 22nd day of June, 2018.

Respectfully submitted,

*/s/Samuel S. McHard*
Samuel S. McHard, MSB #100295

Samuel S. McHard, MSB #100295
P. Manion Anderson, MSB #104250
H. Virginia Kramer, MSB #105477
McHard, McHard, Anderson & Associates, PLLC
140 Mayfair Road, Suite 1500
Hattiesburg, MS 39402
T: (601) 450-1715
smchard@mchardlaw.com
manderson@mchardlaw.com
vkramer@mchardlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been electronically filed with the Clerk of Court, Southern District of Mississippi, using the CM/ECF filing system, which will send notification of said filing to all counsel of record.

THIS the 22nd day of June, 2018.

*/s/Samuel S. McHard*
Samuel S. McHard, MSB #100295