UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

CIVIL ACTION No. 3:16-cv-00027 TSL-RHW

United States of America,

    Plaintiff

 v.

Real Property Located at 19 Crane
Park, Hattiesburg, Lamar County, Mississippi
With all Appurtenances, Improvements, and
Fixtures Thereon, et al.,

    Defendants
_____/

**MEMORANDUM OF LAW IN SUPPORT OF CLAIMANT HOPE THOMLEY'S MOTION TO UNSEAL GOVERNMENT FILINGS**

One would think – and hope – that lawyers from "Main Justice" in Washington, DC would be certain to follow rules and procedures, and not flout them. The opposite is true here. The Government lawyers have ignored the Local Rules, ignored the law, and chosen to litigate in the shadows, all to the continued violation of Hope Thomley's due process rights. The Government's impermissible secret pleadings do violence to our adversarial system of justice. Their secret pleadings should be unsealed, and the Government must learn to follow the rules, just like everyone else.

**The Government's Secret Sealed Filings Violate Local Civil Rule 79**

For good reason, the Local Civil Rules do not permit wholesale secret filings of the sort the Government has engaged in here. The fundamental tenants of the access of litigants and the public to court filings are reflected in the general standard of Local Rule 79(a) that absent some

order or other exception, "all pleadings and other materials filed with the court ("court records") become a part of the public record of the court."

"No document may be filed under seal, except upon entry of an order of the court either acting sua sponte or specifically granting a request to seal that document." Local Civil Rule 79(b). "Any document filed under seal in the absence of a court order to seal may be unsealed without prior notice to the parties." Local Civil Rule 79(e).

The Government simply chose to ignore the requirements of Local Rule 79(e)(3), which *requires* that a Motion to Seal be accompanied by a non-confidential memorandum and proposed order. Rule 79(e)(3) lays out the requirements for what must be included with a valid motion to seal. These requirements are detailed, and the Government failed to meet them:

> (3) Any motion to seal must be accompanied by a non-confidential supporting memorandum, a notice that identifies the motion as a sealing motion, and a proposed order. A party must also submit a confidential memorandum for in camera review. The non-confidential memorandum and the proposed order must include:
>
> (A) A non-confidential description of what is to be sealed;
>
> (B) A specific request that the document or case:
>
> (1) Be sealed from any access by the public and the litigants' counsel;
>
> (2) Be sealed form public access only, with CM/ECF access permitted to the litigants' counsel; or
>
> (3) Be sealed only from public access in CM/ECF, but available for public viewing at one or more terminals located within the Clerk's office.
>
> (C) A statement of why sealing is necessary, why the specific character of the sealing set forth in subparts (1)-(3) above is most appropriate, and why another procedure will not suffice;
>
> (D) References to governing case law; and

(E) Unless permanent sealing is sought, a statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.

(F) The proposed order must recite the findings required by the governing case law the support the proposed sealing. Any confidential memoranda will be treated as sealed pending the outcome of the ruling on the motion.

Furthermore, nothing in the Court's May 24, 2018 Order invited secret ex parte filings by the Government. In that order, the Court observed

> As movants note, this case was filed more than two years ago; at the time it was filed, the government's investigation had already been ongoing for approximately a year. And while movants did not object to the government's request for a stay, presumably their expectation at the time was that the government's investigation would proceed at a reasonable pace. The stay has been in place for twenty-one months. In view of the seizure of their property during this time, movants' frustration is understandable.

[D.E. 245] at 1-2. The Order concluded by requiring that "the United States shall provide to the court a detailed explanation of the current status of its investigation, and shall specifically advise whether, and if so why, it will require more than an additional thirty days to complete its investigation and shall also explain, in detail, how lifting the stay at this point would adversely affect the government's ability to conduct and complete its investigation." [D.E. 245] at 2. Nothing in that Order authorized the Government to proceed in the shadows.

Having ignored the procedural requirements, the Government's filings are not validly sealed and should not remain secret.

### **No Law Authorized the Government's Secret Sealed Filings**

In addition to these procedural failings, there is no substantive law that authorizes this kind of wholesale sealing of pleadings by the Government in a civil case. Moreover, because the Government ignored the requirements of the Local Civil Rules and failed to file the requisite non-confidential memorandum and proposed order that should have accompanied any motion to seal,

Ms. Thomley is denied from knowing the grounds on which the Government may have relied and cannot know how to rebut whatever arguments the Government made with respect to its statutory authority.

Notably, 18 U.S.C. 981(g)(5), which Ms. Thomley speculates that the Government relied on, authorizes sealing only "evidence" – not pleadings – and only in "appropriate cases:"

> In requesting a stay under paragraph (1), the Government may, in appropriate cases, submit evidence ex parte in order to avoid disclosing any matter that may adversely effect an ongoing criminal investigation or pending trial.

First, the plain language of the statute is clear that it only authorizes the ex parte submission of *evidence* – not pleadings, and certainly not multiple pleadings, as the Government has filed here.

Second, the Court is not required to indulge the Government's request to file *evidence* ex parte pursuant to 18 U.S.C. 981(g)(5). The Court *may* chose to do so "in appropriate cases." A case pending for more than two years, in which the Government is seeking to continue a lengthy and indefinite stay on the basis of a years-old investigation, and in which motions to lift the stay and dismiss for due process violations have been pending for over four months, is not an appropriate case for the Government to submit secret evidence. That only exacerbates the due process violation occurring here.

### The Government's Secret Sealed Filings, Orders on Same, and the Government's Status Report Must Be Unsealed

For years now, the Government has seized millions of dollars belonging to Hope Thomley. The indefinite stay obtained by the Government has rendered its seizure totally unchallengable. Worse, the stay has prevented this case from proceeding to discovery, meaning Ms. Thomley is still far from a case-dispositive summary judgment motion and farther still from a trial.

The Government made the choice to seize assets *ex parte* and come in to Court as a civil Plaintiff, despite its purported "pending criminal investigation." Having made that choice to

commence civil proceedings, the Government cannot simply ignore the rules, ignore the law, and ignore the requirements of due process.

Hope Thomley requests that the Court unseal the Government's sealed filings, or alternatively strike them and require the Government to file in conformity with Local Civil Rule 79 so that Ms. Thomley can respond substantively to the Government's arguments and challenge the Government's grounds for its due process violating indefinite stay.

Respectfully submitted,

| | |
|---|---|
| By: s/ Paul A. Calli<br>Paul A. Calli<br>Florida Bar No. 994121<br>Charles P. Short<br>Florida Bar No. 70633<br>pcalli@calli-law.com<br>cshort@calli-law.com<br>cbussone@calli-law.com<br>*Counsel for Hope Thomley*<br>CALLI LAW, LLC<br>One Flagler Building<br>14 Northeast 1st Avenue, Suite 1100<br>Miami, FL 33132<br>Telephone: (786) 504-0911<br>Facsimile: (786) 504-0912<br>*Admitted Pro Hac Vice* | By: s/ T. Michael Reed<br>T. Michael Reed<br>Mississippi Bar No. 99229<br>michael@tmichaelreed.com<br>*Counsel for Hope Thomley*<br>T. MICHAEL REED, P.A.<br>612 N. Main Street<br>Hattiesburg, MS 39403<br>Telephone: (601) 583-2607<br>Facsimile: (601) 583-2641 |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 23rd, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and that the foregoing document is being served this day on all counsel of record.

By: s/ Paul A. Calli