IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA,                                                PLAINTIFF,

v.                                                    CIVIL CASE NO.  3:16-cv-27 TSL-RHW

REAL PROPERTY LOCATED AT
19 CRANE PARK, HATTIESBURG,
LAMAR COUNTY, MISSISSIPPI,
WITH ALL APPURTENANCES,
IMPROVEMENTS, AND FIXTURES
THEREON, *ET AL.,*                                            DEFENDANT PROPERTY.

## MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER CASE

Plaintiff United States of America, by and through its undersigned counsel, files this memorandum in support of its motion to transfer this case to the Eastern Division of the Southern District of Mississippi, to be heard before the Honorable United States District Judge Keith Starrett.

Judges have broad discretion in deciding whether a case should be transferred within a district. *See* 28 U.S.C. §§ 1404(a) and (b).  The United States is currently prosecuting individuals in the Eastern Division of the Southern District of Mississippi for conduct that is intimately related to the facts giving rise to this current forfeiture action.  As set out below, transferring this case will, among other things, promote judicial economy by preventing two (or more) judges from hearing the details of this extensive and complex litigation related to the underlying fraudulent conduct.  Although it was proper for the United States to file this forfeiture action in the Northern Division, for the reasons below, now the Eastern Division is a more appropriate venue for this litigation.  Accordingly, the United States' motion to transfer should be granted.

I.     **PROCEDURAL HISTORY**

The United States is currently conducting a complex and extensive criminal investigation into several pharmacies located and operating in the Southern District of Mississippi, as well as individuals associated with those pharmacies, for criminal violations, including health care fraud, in violation of Title 18, United States Code, Section 1347; wire fraud, in violation of Title 18, United States Code, Section 1343; and money laundering, in violation of Title 18, United States Code, Sections 1956 and 1957.  The criminal investigation involves more than $400 million in false claims submitted by these pharmacies to various public and private health insurance plans, including but not limited to the Defense Health Agency, commonly referred to as TRICARE.

On January 21, 2016, the United States seized numerous personal property assets pursuant to criminal seizure warrants issued in this District.  On the same day, the United States commenced this civil forfeiture action in the Northern Division by filing a Verified Complaint and sought to forfeit 56 real property assets as property involved in or traceable to money laundering, pursuant to Title 18, United States Code, Section 981(a)(1)(A), and as property which constitutes or is derived from the proceeds of health care fraud, pursuant to Title 18, United States Code, Section 981(a)(1)(C).  V. Compl., ECF No. 1.  The complaint was amended on February 10, 2017, to include a further description of the facts giving rise to forfeiture and to add the personal property seized on January 21, 2016, as defendants of this civil suit.  *See* First Am. Compl., ECF No. 183. In total, 235 defendant assets are named in the suit, including 54 real properties.  *Id.*

The United States' criminal investigation is ongoing and directly related to the instant civil forfeiture action.  The facts and parties of this civil case are similar and, in many instances, identical to those being investigated in the criminal matter.  Accordingly, on September 1, 2016, the United States requested a stay of the proceedings in this civil forfeiture action, pursuant to Title

18, United States Code, Section 981(g)(1), on the grounds that continuing the civil forfeiture action, and participating in civil discovery, would adversely affect the ability of the United States to conduct its related and concurrent criminal investigation. *See* Mot. to Stay Proc., ECF No. 146. This Court granted the United States' motion. *See* Order Granting Mot. to Stay Proc., ECF No. 162. One claimant moved for reconsideration of the stay. *See* Claimant Thomas E. Spell, Jr.'s Mot. for Recons. of Order Granting Stay of Civil Forfeiture Action, ECF No. 164. Upon filing the amended civil complaint, however, this claimant withdrew his objection to the stay. *See* Claimant Thomas E. Spell, Jr.'s Stipulation to USA's Mot. to Amend the V. Compl. & Mot. to Stay Proc., ECF No. 178. Consequently, this case has been stayed by agreement of all parties since January 26, 2017.

Since this case has been stayed, the criminal investigation and prosecution of individuals has continued. Ten defendants have been charged in the Southern District of Mississippi (six of whom have pleaded guilty and one of whom was found guilty after a jury trial).[1] These cases have taken place in the Eastern Division of the Southern District of Mississippi before the Honorable District Judge Keith Starrett. The indictment against Hope and Randall Thomley, Glenn Doyle Beach, and Gregory Grafton Parker include 64 assets named in this civil suit. *See* Indictment, 2:18-cr-18-KS-MTP, ECF No. 1. The United States continues to investigate and anticipates charging additional defendants in the near future.

---

[1] The defendants who have pleaded guilty include: Gerald Jay Schaar (2:17cr12-KS-MTP), Jason May (2:17cr13-KS-JCG), Susan K. Perry (2:17cr30-KS-JCG), Gregory Grafton Parker (2:18cr18-KS-MTP-4), Brantley Paul Nichols, D.M.D. (2:18cr21-KS-MTP), and Silas K. Richmond (2:18cr22-KS-MTP). Defendant Albert Diaz, M.D., was convicted after a jury trial before Judge Starrett (2:17-cr-00031-KS-JCG). Defendants Hope Thomley (2:18cr18-KS-MTP-1), Howard Randall Thomley (2:18cr18-KS-MTP-2), and Glenn Doyle Beach (2:18cr18-KS-MTP-3) have been indicted and are currently set for trial on November 26, 2018.

The ongoing investigation into a $400 million fraud and money-laundering scheme described in the First Amended Complaint is an enormous undertaking that encompasses conduct across the country and depends upon the United States' ability to proceed carefully and deliberately.  To date, the United States has interviewed more than 100 witnesses, seized more than 45 terabytes of digital evidence located on laptops, computers, and hard drives as well as approximately 2,500,000 pages of paper documents, and executed search warrants that have resulted in the United States obtaining 279 gigabytes of email, internet, telephone, and texting data.

Despite the agreed upon stay, four claims have filed motions to lift the stay.  Those motions include:

1)   A motion by Wade A. Walters on behalf of WW QP Holdings, LLC, Dorothy H. Walters on behalf of DW QP Holdings, LLC, Trace M. Walters on behalf of TWQP, LLC, Alison L. Frame on behalf of AFQP, LLC, Hope A. Haws on behalf of HHQP, LLC, and Walters Holding, LLC, Wade Walters Consulting, Inc., and DWWW, LLC, on behalf of the Walters Consulting 401K PSP and the Walters Consulting Retirement Plan and Trust to lift stay, release funds, and for other relief;

2)   A motion by claimant Glen Doyle Beach to lift stay and release ERISA funds; and

3)   A motion by claimant Hope Thomley to lift stay, dismiss amended complaint and for release of funds.

ECF Nos. 225, 228, and 240.  Among other things, all three of these motions seek to lift the stay of discovery.  The Court, therefore, ordered the United States to provide it with a status report. Order, ECF No. 245.  In response, the United States submitted *ex parte* pleadings setting forth the status of its criminal investigation and explaining why the stay is necessary to protect its criminal

investigation.  Status Rep., ECF No. 252.  In response to this filing, Walters, Beach, and Hope Thomley sought to unseal the United States' *ex parte* pleadings, which contain confidential information regarding the ongoing criminal investigation.  Mot. to Unseal, ECF Nos. 253, 255, and 257.

## II.   <u>LEGAL STANDARD</u>

This Court has the inherent ability to transfer this case within the Southern District of Mississippi.  Change of venue is governed by Title 28, United States Code, Sections 1404(a) and (b), which state as follows:

> (a)   For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . .

> (b)   Upon motion, . . . any action, suit or proceeding of a civil nature . . . may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.

Furthermore, the Fifth Circuit has noted that several authorities—statutes, federal rules of procedure, and case law—have given district judges substantial power to transfer cases to other district judges for the "expeditious administration of justice."  *United States v. Stone*, 411 F.2d 597, 599 (5th Cir. 1969) (calling defendant's argument that a district judge cannot transfer an arraignment calendar to another district judge without the consent of the accused and his lawyer "patently frivolous" and adding that "[d]istrict judges may by rule, order or consent transfer cases between themselves").  Therefore, this Court has the discretion to transfer this case.

This Court can also transfer this case to the Eastern Division of the Southern District of Mississippi because the Eastern Division has proper venue.  *See Aragon v. Toyota Motor Corp.*, EP-06-CA-156-DB, 2007 WL 9701583, *1 (W.D. Tex. Jan. 31, 2007) ("The initial consideration to a motion to transfer venue under § 1404(a) is whether the plaintiff could have brought the action

in the judicial district to which transfer is sought.").  Venue is proper because "in an *in rem* civil forfeiture case, if venue is proper in a district, it is proper in any division within that district." *United States v. Real Prop. Known As 200 Acres of Land Near FM 2686 Rio Grande City, Tex.*, 773 F.3d 654, 658 (5th Cir. 2014).  Transferring this case to the Eastern Division of the Southern District of Mississippi is therefore permissible.

In considering whether a transfer is warranted, the Fifth Circuit states that a court should consider two factors: "(1) the convenience of the litigants, and (2) the public interests in the fair and efficient administration of justice."[2]  *Barton v. Young*, 144 F. Supp. 2d 685, 688 (E.D. Tex. 2001) (finding that "[t]he balance of this set of interests demonstrates that a transfer . . . would serve the interests of justice") (citing *International Software Sys., Inc. v. Amplicon, Inc.,* 77 F.3d 112, 115 (5th Cir.1996)); *Walter Fuller Aircraft Sales v. Repub. of the Philippines,* 965 F.2d 1375, 1389 (5th Cir.1992) (agreeing that "the decision [concerning the most convenient place for trial] involves the weighing of a mix of private and public interests, keeping in mind that the plaintiff's choice of forum is usually to be respected").  Both factors weigh in favor of transferring this case to the Eastern Division of the Southern District of Mississippi.

---

[2]  *See also Fletcher v. Southern Pacific Transp. Co*., 648 F. Supp. 1400, 1401 (E.D. Tex. 1986) (citing cases where courts considered such factors as: (1) plaintiff's choice of forum; (2) the availability of compulsory process for the attendance of unwilling witnesses; (3) the cost of obtaining the attendance of willing witnesses; (4) the accessibility and location of sources of proof; (5) the location of counsel; (6) the relative congestion of the courts' dockets; (7) accessibility of the premises to jury view; (8) relation of the community in which courts and the jurors are required to serve to the occurrence giving rise to the suit; and (9) the time, cost, and ease with which the trial can be conducted, and all other practical considerations relative to the trial).

III.   **ARGUMENT**

    A.   **Convenience of the Litigants Strongly Favors Transferring This Case to the Eastern Division.**

For most, if not all, of the parties in this civil action, the Eastern Division would be more convenient than the Northern Division, making the Eastern Division the preferable location for this case.  Matters of convenience typically considered by the court include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory processes to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008) (finding that the district court had erred in its application of these factors, which the court found weighed in favor of transfer); *see also Barton v. Young*, 144 F. Supp. 2d at 688 (stating that "the convenience of witnesses may be considered 'the most powerful factor governing the decision to transfer a case'").

By every measure, the Eastern Division is a more convenient venue for this action.  Most of the claimants, defendant properties, potential witnesses, and relevant evidence are located in the Eastern Division, better facilitating easy access to sources of proof.  Moreover, of the 54 real property defendants in this action, 28—a majority—are located within the Eastern Division. Nearly all of the evidence presented at related criminal trials will be relevant in the civil forfeiture action, and the transport of evidence—including voluminous business, insurance, and medical records—between the Eastern and Northern Divisions will be unnecessarily difficult and inefficient.

Similar logic applies to the individuals involved in both the civil and criminal actions. Most of the parties and witnesses in the present suit are already involved in related criminal actions

within the Eastern Division.  It would be easier and less costly to obtain the attendance of witnesses

in the Eastern Division if these related legal actions were consolidated at a single venue.

**B.      Efficient Administration of Justice Requires Transferring This Case to the Eastern Division.**

The present action should be transferred to the Eastern Division for the sake of the public

interest in judicial economy and effective administration of justice.  The public interest factors to

be considered include: (1) administrative difficulties flowing from court congestion; (2) the local

interest in adjudicating local disputes; (3) familiarity of the forum with the law that will govern

the case; and (4) the avoidance of unnecessary problems in conflict of laws.[3]  *See Volkswagen*,

545 F.3d at 314.

Administrative concerns favor transfer to the Eastern Division.  Here, the parallel civil

forfeiture action's facts and law are nearly identical to those in the criminal proceedings in the

Eastern Division.  The cases address the same fraudulent scheme, thereby involving closely

related—and largely identical—witnesses, parties, facts, and circumstances.  The criminal cases

tied to this civil action have all come before Judge Starrett in the Eastern Division.  Six criminal

defendants, Gerald Jay Schaar (2:17cr12-KS-MTP), Jason May (2:17cr13-KS-JCG), Susan K.

Perry (2:17cr30-KS-JCG), Gregory Grafton Parker (2:18cr18-KS-MTP), Brantley Paul Nichols,

D.M.D. (2:18cr21-KS-MTP), and Silas K. Richmond (2:18cr22-KS-MTP) have already pleaded

guilty; Albert Diaz, M.D., was convicted after a jury trial before Judge Starrett (2:17-cr-00031-

KS-JCG) and was sentenced by Judge Starrett on June 7, 2018.  Three other defendants, Hope and

---

[3]  This fourth factor— the avoidance of unnecessary problems in conflict of laws—is not an issue in this case because both venues are governed by federal law and Fifth Circuit precedent.  By transferring the civil forfeiture action to Judge Starrett, however, this Court ensures that one judge, who is familiar with the ongoing criminal investigation and prosecutions, entertains all the pending motions filed by Walters, Hope and Randall Thomley, and Beach.

Randall Thomley and Glenn Doyle Beach, Jr. (2:18cr18-KS-MTP), were recently indicted, and will stand trial before Judge Starrett in November 2018.

Additionally, many of the assets that are named defendants in this case will be sought through criminal forfeiture actions accompanying criminal prosecutions, which are already (or will be) before Judge Starrett.  For instance, the indictment against Hope and Randall Thomley, Glenn Doyle Beach, and Gregory Grafton Parker includes 64 assets named in this civil suit.  *See* Indictment, 2:18-cr-18-KS-MTP, ECF No. 1.  While the United States must secure convictions to criminally forfeit these assets, the United States plans to pursue criminal forfeiture against these 64 assets.  Importantly, if the United States successfully forfeits these assets, Judge Starrett will conduct ancillary proceedings, pursuant to Federal Rule of Criminal Procedure 32.2(c), and these proceedings will necessarily require litigating similar property and ownership issues that are present in the civil forfeiture action.  Moreover, given that much of the fraudulent activity occurred in the Eastern Division and a majority of the real property defendants are located in the Eastern Division, there is a strong local interest in having this case adjudicated in the Eastern Division.

As a result of his involvement in the ongoing criminal cases, Judge Starrett is familiar with the facts of this complex health care fraud conspiracy.  He is also familiar with the documentary evidence of the offenses, the witnesses, the identities of the charged and un-charged co-conspirators, the United States' legal and factual theories, many of the defenses, and the elements of the crimes charged.  He is also aware, in real time, of the progress the United States is making in the criminal cases.  His awareness is important because four claimants, including three currently under indictment, have recently moved to unseal the United States' *ex parte* pleadings to this Court, which were filed in response to this Court's order for an update of the criminal investigation.  Those pleadings contain confidential and sensitive information, which the United States only filed

with the Court because, understandably, it is unfamiliar with the criminal investigation.  While the United States gladly briefed this Court on the status of its criminal investigation, having offered to do so several times, four claimants are now seeking to obtain the sensitive information submitted only for the benefit of the Court.  Now that additional claims have been charged criminally, the United States anticipates these four (and perhaps other) claimants will intensify their efforts to manipulate the civil discovery process and seek discovery to which they would ordinarily not be entitled in the criminal case.  If the civil forfeiture case is not transferred to the same judge presiding over the criminal cases, then two courts in the Southern District of Mississippi will spend judicial resources resolving unnecessary discovery issues.   Thus, judicial economy and administrative efficiency weigh in favor of the same judge hearing both the criminal and civil actions.   Transfer would also alleviate the congestion of the Northern Division courts with litigation that could be more expeditiously and efficiently handled in the Eastern Division.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the United States respectfully requests that this case be transferred to the Eastern Division of the Southern District of Mississippi.  The United States has reason to believe that at least some of the claimants would oppose this transfer, but has not confirmed this belief.

Respectfully submitted,

D. MICHAEL HURST, JR.
United States Attorney

Date:   August 3, 2018          By:      /s/Marc A.  Perez_____
                                         MARC A.  PEREZ
                                         WA Bar No.  33907
                                         *Assistant United States Attorney*
                                         501 East Court Street, Suite 4.430
                                         Jackson, Mississippi 39201
                                         Telephone:     (601) 973-2820
                                         Fax:           (601) 965-4409
                                         E-mail:        Marc.Perez@usdoj.gov


                                         DEBORAH L. CONNER, ACTING CHIEF
                                         Money Laundering and
                                          Asset Recovery Section

                                         PAMELA J. HICKS, D.C. Bar No. 442060
                                         Chief, Money Laundering
                                           and Forfeiture Unit

                                         /s/ Sean M. Welsh_____
                                         SEAN M. WELSH, VA Bar No. 89660
                                         Trial Attorney


                                         /s/ Amanda Wick_____
                                         AMANDA WICK, D.C. Bar No. 501043
                                         Trial Attorney
                                         Money Laundering and
                                           Asset Recovery Section
                                         Criminal Division
                                         U.S. Department of Justice
                                         1400 New York Ave., NW
                                         Washington, D.C. 20530
                                         Phone:         (202) 514-1263
                                         Fax:           (202) 514-5522
                                         Email:         Sean.Welsh@usdoj.gov
                                         Email:         Amanda.Wick@usdoj.gov

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of Court, Southern District of Mississippi, on this 3rd day of August, 2018, using the CM/ECF filing system, which will send notification of said filing to all counsel of record.


By:     */s/Marc A.  Perez*
        MARC A.  PEREZ
        Assistant United States Attorney

12