```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION

UNITED STATES OF AMERICA                              PLAINTIFF

VS.                              CIVIL ACTION NO. 3:16CV27TSL-RHW

REAL PROPERTY LOCATED AT
19 CRANE PARK, HATTIESBURG,
LAMAR COUNTY, MISSISSIPPI,
WITH ALL APPURTENANCES,
IMPROVEMENTS, AND FIXTURES
THEREON, ET AL.                               DEFENDANT PROPERTY
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of United States of America, pursuant to 28 U.S.C. § 1404(b), to transfer this civil forfeiture action from the Northern Division to the Eastern Division of the Southern District of Mississippi, to be heard before the Honorable United States District Judge Keith Starrett. Separate responses in opposition have been filed by defendants/ claimants Hope Thomley; Glenn Doyle Beach, Jr.; and Wade A. Walters, Dorothy H. Walters, Trace M. Walters, Hope Haws, Allison Frame, DWWW, LLC, TWQP, LLC, Walters Holding, LLC, and Wade Walters Consulting, Inc. (collectively the Walters Claimants). The court, having reviewed and considered the motion and responses, with accompanying memoranda of authorities, concludes that the case should be transferred.[1]

---

[1] The Walters Claimants argue that the Government violated a stay order by filing the present motion to transfer. However, the Government has specifically requested that the stay be lifted so that it may file and have the court consider its motion to transfer. That request is granted.

On January 21, 2016, the United States seized numerous assets pursuant to criminal seizure warrants issued in this district. On the same day, the United States commenced this civil forfeiture action by filing a verified complaint seeking to forfeit fifty-six pieces of real property under 18 U.S.C. § 981(a)(1) as property involved in or traceable to property involved in money laundering and health care fraud. The complaint was amended on February 10, 2017, seeking the forfeiture of fifty-four pieces of real property (some real property assets were dropped as defendants, while others were added) along with seized personal property. Throughout the summer of 2016, respondents and one other individual, Thomas Spell, Jr., filed verified claims of interest in the seized properties and answers to the complaint. On September 1, 2016, the Government moved to stay proceedings pursuant to 18 U.S.C. § 981(g)(1), to prevent civil discovery which would allegedly affect an ongoing criminal investigation that it represented was directly related to the instant civil forfeiture action, involving similar, and in some cases, identical facts and parties. Respondents did not oppose the Government's request for a stay, which was granted by order entered October 12, 2016.[2]

---

[2] The Walters Claimants argue that the stay order was entered "contrary to law" and yet they neither objected to the motion to stay (in which the Government expressly represented that

2

On January 25, 2018, the Walters Claimants, charging a violation of their due process and other constitutional rights, moved to have the stay lifted, and the case dismissed and all property released, or at a minimum to have exempt ERISA assets released, based on the Government's alleged unreasonable delay in concluding its criminal investigation.[3]  In February and March, respectively, Hope Thomley and Glen Doyle Beach filed similar motions, arguing that the Government's seizure and restraint of their property for two years, with an indefinite stay based on a criminal investigation that had not resulted in an indictment but was not closed, violated their due process rights and warranted dismissal of the Government's complaint for civil forfeiture.  The court, acknowledging defendants'/claimants' understandable frustration, directed the Government to provide a report to the court as to the status of its investigation and why its investigation could not be concluded within thirty days.  At the court's direction, the Government filed its response under seal on

---

the Walters Claimants did not object to the requested stay) nor sought reconsideration of the stay order after it was entered.

[3]   The Walters Claimants assert that a prior motion to dismiss which they filed in February 2017, allegedly out of frustration over the Government's inaction, is still pending. However, the court denied the motion by order entered September 28, 2017 on account of the Walter Claimants' failure to identify any basis for the motion within the motion itself or to file an accompanying memorandum as required by the local rules of this court.

3

June 4.[4]  Approximately two weeks earlier, on May 15, the Government had obtained an indictment against Hope Thomley, her husband Randall Thomley, Glenn Doyle Beach, Jr., and one Gregory Grafton Parker.  The indictment was unsealed June 25, and the criminal case against all these individuals is now pending in the Eastern Division of the Southern District of Mississippi, before Judge Starrett.[5]  The indictment contains criminal forfeiture allegations that cover much of the same property that is the subject of this civil forfeiture action.[6]

On August 3, 2018, the Government filed its motion to transfer venue of this civil forfeiture case to the Eastern Division, arguing that transfer will promote judicial economy and convenience to the parties and witnesses and, most importantly,

---

[4]   Respondents object that the Government violated the local rules by filing its May 2018 status report under seal. There was no such violation as the court ordered that the report be filed under seal.

[5]   To the court's knowledge, as of this date, there has been no indictment of any of the Walters Claimants.

[6]   On August 8, a week after the Government filed the present motion to transfer, Judge Starrett accepted the guilty plea of defendant/claimant Thomas Spell, Jr., on an information charging involvement in the same conspiracy.  The information also included a notice of intent to seek criminal forfeiture.

Six other defendants have been charged in the Eastern Division in connection with the Government's investigation.  Five of those defendants have pled guilty before Judge Starrett, and the seventh was convicted following a jury trial before Judge Starrett.

serve the interests of justice.  The Government's motion is brought pursuant to 29 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).[7]  The purpose of this statute is "to prevent the waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S. Ct. 805, 809, 11 L. Ed. 2d 945 (1964) (internal quotation marks and citation omitted).  The court has "broad discretion in deciding

---

[7] Contrary to the Walters Claimants' apparent impression, the Government does not contend that the Northern Division is an improper venue and does not seek transfer pursuant to 28 U.S.C. § 1406; rather, it explicitly seeks transfer solely pursuant to § 1404.  **While** the Government's motion references both 28 U.S.C. § 1404(a) and (b), subsection (b) does not apply in this case since respondents oppose transfer.  See § 1404(b)(providing for transfer from one division to another "[u]pon motion, consent or stipulation of all parties...."); Sikes v. Alamo Crane Serv., Inc., No. C-06-406, 2006 WL 3454795, at *1 (S.D. Tex. Nov. 29, 2006) (motion to transfer venue which is opposed is not "with consent" of all parties).  Thus, the only issue is whether the court should transfer the case based on § 1404(a).  Id.

The court does note that while transfer is not available to the Government pursuant to § 1404(b), there is no merit to the Walters Claimants' argument that subsection (b) bars the Government from seeking transfer pursuant to § 1404(a).  Further, the Walters Claimants' reliance on Elliott v. M/B LOIS B., 980 F. 2d 1001 (5th Cir. 1993) is misplaced; the Fifth Circuit's holding that the court retains jurisdiction over an *in rem* action until litigation ends, manifestly has no bearing on and does not foreclose the Government's request merely to transfer the case to another court with jurisdiction.

5

whether to order a transfer." In re Volkswagen of Am., Inc., 545 F.3d 304, 311 (5th Cir. 2008).

In evaluating a motion to transfer pursuant to § 1404(a), the court's initial inquiry is whether the case "might have been brought" in the proposed transferee district. In re Volkswagen of Am., Inc., 545 F.3d 304, 312 (5th Cir. 2008). It is undisputed that this case could have been brought in the Eastern Division. See United States v. Real Prop. Known as 200 Acres of Land Near FM 2686 Rio Grande City, Tex., 773 F.3d 654, 658 (5th Cir. 2014) ("in an *in rem* civil forfeiture case, if venue is proper in a district, it is proper in any division within that district"). The question thus becomes whether the convenience of parties and witnesses and the interest of justice favor transfer. The determination of convenience is made by reference to a number of private and public interest factors, none of which is dispositive. In re Volkswagen AG (Volkswagen I), 371 F.3d 201, 203 (5th Cir. 2004).

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

Id. (citation omitted).  The Government submits that all the relevant convenience factors weigh in favor of transfer to the Eastern Division.[8]  In this vein, it argues that the convenience of the parties and witnesses would be served by transfer to the Eastern Division as most of the claimants, defendant properties, potential witnesses and relevant evidence are located in the Eastern Division.  Likewise, it argues that the Eastern Division has a greater local interest, since the majority of the defendant assets are located in the Eastern Division.  Principally, however, it argues that transfer is warranted for the sake of the public interest in judicial economy and effective administration of justice, in that having one judge hear both the civil forfeiture and the criminal cases will minimize the potential for inconsistent results and serve the valuable public interest in judicial economy.

For their part, the Walters Claimants assert that even if the facts advanced by the Government in support of its convenience argument would otherwise weigh in favor of transfer, they should be given no consideration in this case since all of these facts were known to the Government when it chose to file this action in

---

[8] As both courts are in the same district, there is no conflict of laws problem or issue with the court's familiarity with the applicable law.  Nor are there any potential administrative difficulties due to court congestion in either division.

7

the Northern rather than Eastern Division. The court is unpersuaded. Usually, in the § 1404(a) transfer analysis, a plaintiff's choice of venue is considered a factor and is given "significant but non-determinative—weight." Weber v. PACT XPP Techs., AG, 811 F.3d 758, 767 (5th Cir. 2016) (citation omitted). Here, though, the Government initially chose one forum but now is advocating for transfer to another forum. The fact that the Government originally brought this action in the Northern Division does not preclude it from seeking transfer pursuant to § 1404(a), for "either a defendant or a plaintiff can move for change of venue under § 1404(a)...." In re Volkswagen AG, 371 F.3d 201, 204 (5th Cir. 2004) (citing Ferens v. John Deere Co., 494 U.S. 516, 530, 110 S. Ct. 1274, 108 L. Ed. 2d 443 (1990)). However, where the plaintiff is the party seeking transfer from an initial venue that it chose to a new forum, its choice of the new forum should weigh neither for nor against transfer. See Westberry v. GusTech Commc'ns, LLC, No. 3:17-CV-3162-D, 2018 WL 3548869, at *3 n.6 (N.D. Tex. July 24, 2018) (concluding that where plaintiffs moved to transfer case to District of South Carolina, "fact that plaintiffs did not initially file their suit in the District of South Carolina will neither diminish the weight this court affords plaintiffs' choice of forum nor will it weigh against transfer"). Apart from that, "the same treatment and consideration should be

8

given to the motion for transfer regardless of who the movant of that motion may be." In re Volkswagen AG, 371 F.3d at 204.  In this case, no party seriously challenges the Government's contention that the Eastern Division is a more convenient forum for this litigation.⁹  Instead, respondents object that a transfer would not be equitable as it would needlessly delay a resolution of this case and return of their property.  They insist that from the time the Government first seized their property and thereafter obtained an indefinite stay of this litigation, the Government has dragged its feet in conducting/concluding its criminal investigation to such an extent that its actions have denied respondents their right to due process.  The egregiousness of the Government's conduct, they say, is what prompted them to file their respective motions seeking dismissal of the Government's complaint in this cause and a return of their property (or at a minimum the release of exempt ERISA funds).  That motion, they

---

⁹   Thomley and Beach do not address the Government's convenience arguments.  The Walters Claimants assert that the Government's argument relating to relative convenience is "factually incorrect," as "the lawyers and documents on both sides are in Jackson" and "the majority of the value of the assets seized by the Government are outside the Eastern Division."  They do not dispute that farm more of the defendant assets are located in the Eastern Division than in the Northern Division.  Moreover, as the criminal cases are pending in the Eastern Division, the documents related to the criminal charges – which are the same documents at issue in this case – are necessarily located in the Eastern Division.  Lastly, the Fifth Circuit has repeatedly held that the location of counsel is "irrelevant and improper for consideration in determining the question of transfer of venue." In re Horseshoe Entm't, 337 F.3d 429, 434 (5th Cir. 2003).

note, has been pending for months. They insist it would be inequitable to transfer the case since to do so would only cause further delay and exacerbate an already untenable situation.

The Fifth Circuit has held that "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) transfer," for if it were, "delay would militate against transfer in every case." In re Radmax, Ltd., 720 F.3d 285, 289 (5th Cir. 2013). However, "[t]he delay associated with transfer may be relevant 'in rare and special circumstances,'" id. (quoting In re Horseshoe Entm't, 337 F.3d 429, 435 (5th Cir. 2003), such as "where a 'transfer [of] venue would [cause] yet another delay [in already] protracted litigation,'" id. (quoting Peteet v. Dow Chem. Co., 868 F.2d 1428, 1436 (5th Cir. 1989)). Here, for the reasons well-stated by the Government, the court is convinced that a transfer to the Eastern Division, in addition to being more convenient for the parties and witnesses, would serve the interest of judicial economy by avoiding wasteful duplication of effort. Cf. Houston Trial Reports, Inc. v. LRP Publications, Inc., 85 F. Supp. 2d 663, 671 (S.D. Tex. 1999) (conservation of judicial resources, a primary consideration when evaluating the public interest in the fair and efficient administration of justice, favors transfer of venue if transfer would enable different cases involving the same parties or issues to be heard in a single forum). And while respondents

have a legitimate interest in having the issues in this case (including in their various pending motions) addressed in a timely manner, the court is persuaded that a transfer would not be detrimental to that interest. On the contrary, as Judge Starrett is more familiar with the facts and allegations in the related criminal cases which bear directly on the issues in this action and is also equally or more informed than the undersigned as to the status of the Government's criminal investigation, he is arguably in a better position than the undersigned to address the issues in the pending motions and to do so efficiently and without undue delay.

For these reasons, the court concludes that the motion to transfer should be granted.[10]

SO ORDERED this 13th day of September, 2018.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[10] The Walters Claimants have asserted extraneous arguments relating to alleged wrongdoing by the Government. Those arguments do not bear on the request to transfer and are therefore disregarded for purposes of the present motion.